NOT FOR PUBLICATION                                (Docket Entry No. 1)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                    :
CHARLES REDDEN,                     :
                                    :
            Plaintiff,              :   Civil No. 04-2490 (RBK)
                                    :
       v.                           :   **OPINION**
                                    :
JO ANNE B. BARNHART,                :
Commissioner of Social              :
Security,                           :
                                    :
            Defendant.              :
_____ :


**KUGLER**, United States District Judge:

      In this civil action brought under 42 U.S.C. § 405(g), plaintiff Charles Redden appeals the Commissioner of Social Security's denial of his application for disability insurance benefits. Redden challenges the denial on two grounds. First, Redden argues that the Administrative Law Judge ("ALJ") did not articulate a sufficient rationale under Burnett v. Commissioner of Social Security Administration, 220 F.3d 112 (3d Cir. 2000), for his determination that the medical severity of Redden's impairments did not equal that of the impairments listed in federal regulations. Second, citing Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000), Redden argues that the ALJ improperly relied solely on medical-vocational guidelines, or "grids," in finding

that Redden could make an adjustment to other work and was therefore not disabled.

For the reasons expressed below, the decision of the Commissioner will be reversed.

I.      **ANALYSIS**

"The Social Security Administration has promulgated a five-step process for evaluating disability claims." Sykes, 228 F.3d at 262 (citing 20 C.F.R. § 404.1520).

> **First**, the Commissioner considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, then the Commissioner considers in the **second** step whether the claimant has a "severe impairment" that significantly limits his physical or mental ability to perform basic work activities.  If the claimant suffers a severe impairment, the **third** inquiry is whether, based on the medical evidence, the impairment meets the criteria of an impairment listed in the "listing of impairments," 20 C.F.R. pt. 404, subpt. P, app. 1 (1999), which result in a presumption of disability, or whether the claimant retains the capacity to work.  If the impairment does not meet the criteria for a listed impairment, then the Commissioner assesses in the **fourth** step whether, despite the severe impairment, the claimant has the residual functional capacity to perform his past work.  If the claimant cannot perform his past work, then the [**fifth**] step is to determine whether there is other work in the national economy that the claimant can perform.

Sykes, 228 F.3d at 262-63 (emphases added).  Applying this five-step process in the present case, the ALJ found that: (1) Redden

was not performing substantial gainful work; (2) Redden's degenerative joint disease of the knees, shortness of breath, hepatitis C, and depression constituted "severe" impairments; (3) Redden's impairments neither met nor medically equaled those listed in federal regulations; (4) Redden was unable to perform his past relevant work; and (5) because there was other work in the national economy that Redden could perform, Redden was not disabled.  Redden challenges the ALJ's findings in Steps 3 and 5.

### A.   Step Three

"In step three, the ALJ must determine whether [the claimant's] impairment matches, or is equivalent to," one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. See Burnett, 220 F.3d at 119.  The ALJ's Step 3 determination must contain "sufficient explanation to provide meaningful review."  See Jones, 364 F.3d at 505 (describing Third Circuit's holding in Burnett).  However, this rule "does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis."  See id.

In Burnett, the ALJ's Step 3 analysis consisted of a single statement that the claimant's "severe musculoskeletal impairment . . . failed to equal the level of severity of any disabling condition contained in Appendix 1, Subpart P of Social Security Regulations No. 4."  See Burnett, 220 F.3d at 119.  The Third Circuit remanded the case to the Commissioner of Social

Security for "a discussion of the evidence and an explanation of reasoning," holding that the ALJ's "conclusory" statement was "beyond meaningful judicial review." Id. at 119-20.

Redden argues that the ALJ's holding in Step 3 of his case is similarly beyond meaningful judicial review. Here, the ALJ held:

> Although the claimant's impairments [degenerative joint disease of the knees, shortness of breath, hepatitis C, and depression] are "severe" within the meaning of the Regulations, we hold that it is not of a level of severity to "meet" any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. In this regard, we note that examining physicians have not reported findings, which would be equivalent in severity to the criteria of any listed impairment, including those specifically in Section 1.00 et seq. ["Musculoskeletal System"], Section 3.00 et seq. ["Respiratory System"], Section 5.00 et seq. ["Digestive System"], and Section 12.00 et seq. ["Mental Disorders"]of the Listing of Impairments.

Unlike the administrative decision on review in Burnett, though, the ALJ's decision here contains an extensive discussion of the evidence relating to Redden's impairments and the severity thereof. See Court Tr. 13-16. Given this extensive discussion of the evidence, "the ALJ's decision, read as a whole, illustrates that the ALJ considered the appropriate factors in reaching the conclusion that [Redden] did not meet the requirements for any Listing." See Jones, 364 F.3d at 505. "This discussion satisfies Burnett's requirement that there be

sufficient explanation to provide meaningful review of the step three determination." Id.; see also Albury v. Comm'r of Soc. Sec., 116 Fed. Appx. 328, 330 (holding that an ALJ's decision allowed for meaningful review where it "discussed all of the relevant medical evidence"). The ALJ's failure to identify specific relevant Listings within the sections he cited does not alter this conclusion. See Albury, 116 Fed. Appx. at 330 n.2 ("Burnett does not expressly hold that the ALJ must discuss the applicable Listing(s) in his/her decision."). Therefore, this Court will reject Redden's Step 3 challenge.

### B. Step Five

In Step 5, the ALJ must determine whether, given a claimant's physical ability, age, education, and work experience, there is work in the national economy that the claimant could perform. See 20 C.F.R. § 404.1520. The evidence an ALJ is required to consider at Step 5 varies depending on whether the claimant's demonstrated impairments are "exertional" or "nonexertional," or a combination of both. "Impairments are classified as exertional if they affect the claimant's 'ability to meet the strength demands of jobs.' . . . All other impairments are classified as nonexertional." Sykes, 228 F.3d at 263 (quoting 20 C.F.R. § 404.1569a).

Where the claimant has demonstrated only exertional impairments, the ALJ may rely solely on the medical-vocational

guidelines promulgated by the Secretary of Health and Human Services, or "grids," in determining at Step 5 whether there exists work in the national economy that the claimant could perform.  See Heckler v. Campbell, 461 U.S. 458, 467 (1983). However, if the claimant has demonstrated nonexertional impairments (whether alone or in addition to exertional impairments), the ALJ cannot rely solely on the grids in making his Step 5 determination; he must also consider "the testimony of a vocational expert or other similar evidence," or take official notice of the fact that the nonexertional impairment does not further diminish the claimant's occupational base.  See Sykes, 228 F.3d at 273; Washington v. Heckler, 756 F.2d 959, 968 (3d Cir. 1985).

Here, the ALJ relied solely on Medical-Vocational Rule 201.21 in determining that Redden was capable of performing work in the national economy.  Redden argues that the ALJ's failure to consider additional evidence before making this determination was error in light of Sykes because the ALJ had found that Redden suffered from nonexertional impairments.  In support of his argument, Redden points to the ALJ's findings that he "[had] a slight restriction in social functioning" and "seldom has difficulties in his ability to maintain concentration, persistence or pace."  The Commissioner responds that the record contains other evidence that Redden's "alleged mental impairment

6

was asymptomatic," and continues:

> The importance of this evidence is twofold. First, it supports the conclusion that Redden would have no difficultly understanding, carrying out, and remembering simple instructions; responding appropriately to supervision, workers, and usual work situations; and dealing with changes in a routine work setting.  <u>See</u> Social Security Ruling ("SSR") 85-15.  Second, it bolsters the ALJ's determination regarding the negligible effect of Redden's alleged mental restriction on his capacity to perform work activity.

"Thus," the Commissioner concludes, "the record does not demonstrate that Redden suffered from any non-exertional impairments."

However, the ALJ found that Redden's depression was a "medically determinable impairment," that Redden had "mild, if any, cognitive limitations," and that Redden had some impairment, albeit minimal, with respect to his "social functioning" and "ability to maintain concentration, persistence or pace."  Thus, the ALJ's decision unambiguously states that Redden suffered from nonexertional impairments; whether the ALJ would have been justified in reaching the opposite conclusion is beside the point.  Having found that Redden suffered from nonexertional impairments, no matter how insignificant, the ALJ could not rely on the grids alone to determine whether there was work in the national economy that Redden could perform.  <u>See</u> <u>Sykes</u>, 228 F.3d at 274; <u>id.</u> at 270 ("[T]he Social Security Administration has not

promulgated regulations . . . identifying nonexertional impairments that are not significant enough to diminish a claimant's occupational base considering his exertional impairment alone."). Therefore, the ALJ's exclusive reliance on the grids in making his Step 5 determination in this case was reversible error under <u>Sykes</u>.

**II.      CONCLUSION**

The decision of the Commissioner will be reversed and remanded for proceedings consistent with this opinion. The accompanying Order shall issue today.


Dated:   April 27, 2005             /s/ Robert B. Kugler
                                    ROBERT B. KUGLER
                                    United States District Judge